UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MELISSA RATHJEN,<br><br>Plaintiff,<br><br>v.<br><br>CAREPARTNERS MANAGEMENT GROUP LLC,<br><br>Defendant. | Case No. C26-428-MLP<br><br>ORDER |

This matter is before the Court on Plaintiff's counsel's response to the Court's Order to Show Cause. (Dkt. # 35.) The Court directed counsel to show cause why they should not be required, pursuant to 28 U.S.C. § 1927 or the Court's inherent authority, to pay Defendant's reasonable attorney's fees incurred as a result of Plaintiff's failure to timely respond to Defendant's motion to dismiss. (Dkt. # 30 at 2-3.)

Plaintiff's counsel reports that, in an effort to resolve the issue, they conferred with Defendant and offered to pay for the 2.5 hours that were billed for drafting the original reply and 0.5 hours for conferring about the extension, but the parties were unable to reach an agreement. (Dkt. # 35 at 2-3.) Plaintiff's counsel contends no attorney's fees should be awarded under § 1927 or the Court's inherent authority because counsel's failure to comply with briefing

deadlines was negligent rather than willful or in bad faith, and caused Defendant no meaningful prejudice. (*Id.* at 5-7.)

Sanctions awarding attorney's fees to an opposing party under § 1927 or the Court's inherent authority require a finding of bad faith or other intentional misconduct.[1] *See Blixseth v. Yellowstone Mtn. Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015) ("Sanctions pursuant to section 1927 must be supported by a finding of subjective bad faith.") (quoted source omitted); *Zambrano v. City of Tustin*, 885 F.2d 1473, 1478 (9th Cir. 1989) ("we have routinely insisted upon a finding of bad faith before sanctions may be imposed under the court's inherent power"). Moreover, had Defendant met and conferred with Plaintiff before filing its motion to dismiss, as required by the Court's chambers procedures, any prejudice could likely have been avoided. *See* https://www.wawd.uscourts.gov/judges/peterson-procedures (last accessed Jul. 29, 2026).

Accordingly, the Court concludes that an award of attorney's fees is not warranted.

Dated this 29th day of July, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

[1] A lesser finding is required for monetary sanctions payable to the court. *Zambrano*, 885 F.2d at 1480 (court fines may be imposed for "conduct amounting to recklessness, gross negligence, repeated—although unintentional—flouting of court rules").