HONORABLE MICHELLE L. PETERSON

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**SEATTLE DIVISION**

| | |
|---|---|
| MELISSA RATHJEN, Individually and for Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CAREPARTNERS MANAGEMENT GROUP, LLC, a Washington limited liability company,<br><br>Defendant. | **Case No. 2:26-cv-00428-MLP**<br><br>**AMENDED CLASS ACTION COMPLAINT** |

## SUMMARY

1. Melissa Rathjen (Rathjen) brings this class action to recover unpaid wages and other damages from CarePartners Management Group, LLC (CarePartners).

2. CarePartners is a management company that supervises, operates, and manages assisted living facilities known as "communities."

3. CarePartners controls the day-to-day personnel management at its communities.

4. CarePartners has full responsibility for hiring, training, promoting, supervising, and discharging all personnel reasonably required to operate its communities.

5. CarePartners employed Rathjen as one of its Hourly Employees (defined below).



BRUCKNER BURCH PLLC
5847 San Felipe Street, Suite 2400
Houston, Texas 77057
(713) 877-8788

6. CarePartners paid Rathjen and the other Hourly Employees by the hour.

7. Rathjen and the other Hourly Employees regularly work more than 40 hours in a workweek.

8. But CarePartners does not pay Rathjen and other Hourly Employees for all their hours worked.

9. Instead, CarePartners automatically deducts 30 minutes a day from these employees for so called "meal periods" (CarePartners's "auto-deduct policy").

10. CarePartners does not pay them for this time.

11. But Rathjen and the other Hourly Employees do not receive *bona fide* meal periods.

12. CarePartners likewise does not provide Rathjen and the other Hourly Employees with *bona fide* rest periods of at least 10 minutes for every four hours worked (CarePartners's "rest period policy").

13. Instead, CarePartners requires Rathjen and the other Hourly Employees to remain on duty and perform their regular job duties throughout their shifts and/or subjects them to interruptions during attempted "meal periods" and "rest periods."

14. CarePartners's failure to provide Rathjen and the other Hourly Employees with *bona fide* meal and rest periods violates the Washington Industrial Welfare Act (WIWA) and related Washington Department of Labor and Industries (DOLI) regulations.

15. CarePartners's auto-deduct policy also violates the Washington Minimum Wage Act (WMWA) by depriving Rathjen and the other Hourly Employees of overtime wages of at least 1.5 times their regular rates of pay for all hours worked in excess of 40 in a workweek.

16. Likewise, because of its auto-deduct policy and rest period policy, CarePartners willfully withholds earned wages from Rathjen and the other Hourly Employees in violation of the Washington Wage Rebate Act (WWRA).

## JURISDICTION & VENUE

17. This Court has original jurisdiction over this class action to recover money damages pursuant to the Class Action Fairness Act. 28 U.S.C. § 1332(d).



BRUCKNER BURCH PLLC
5847 San Felipe Street, Suite 2400
Houston, Texas 77057
(713) 877-8788

18. Venue is proper in this District because CarePartners transacts business in King County, Washington, maintains is principal place of business in King County, Washington, and some part of the cause arose in King County.

## PARTIES

19. CarePartners employed Rathjen as a medication technician in its Lynden, Washington facility from approximately October 2022 until March 2025.

20. Throughout her employment, CarePartners classified Rathjen as non-exempt and paid her by the hour.

21. CarePartners subjected Rathjen to its auto-deduct policy and rest period policy.

22. Rathjen brings this class action on behalf of herself and similarly situated CarePartners employees.

23. Rathjen seeks to represent such a class under Washington law pursuant to Rule 23.

24. The putative class of similarly situated employees is defined as:

> **All hourly employees in Washington who CarePartners employed under its auto-deduct policy and/or rest period policy during the past 3 years through final resolution of this action (the "Hourly Employees").**

25. CarePartners is a Washington limited liability company headquartered in Mercer Island, Washington.

26. CarePartners was served and answered herein.

## FACTS

27. CarePartners "is a Western Washington located and owned management company exclusively serving [over 30] commonly-owned Senior Care Communities."[1]

28. In April 2026, CarePartners Senior Living announced the "unification of all 34 of its communities under a single brand"—Vineyard Park Senior Living.[2]

---

[1] https://www.carepartnersliving.com/ *and* https://www.carepartnersliving.com/careers/ (last visited November 18, 2025).

[2] https://vineyardparkliving.com/2026/04/29/senior-living-operator-rebrands-34-communities-as-vineyard-park-amid-surging-demand-and-looming-housing-shortage/ (visited September 11, 2026).



BRUCKNER BURCH PLLC
5847 San Felipe Street, Suite 2400
Houston, Texas 77057
(713) 877-8788

29. But CarePartners emphasized this was "a brand transition only" and that CarePartners would "remain the management company, with no direct changes to on-site leadership, staffing, or resident care."[3]

30. CarePartners knows about on-site leadership and staffing because it hires, trains, promotes, and supervises all personnel reasonably required for the day-to-day operation of its communities.

31. This includes "management" level employees at the communities.

32. CarePartners selects and hires an on-site administrator for each community.

33. CarePartners's hiring of the individuals who supervise the employees at the facilities "is a strong indication of [CarePartners's] control." H*erman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 140 (2d Cir. 1999).

34. CarePartners also has the right to discharge employees whenever—in its discretion— it deems it necessary and appropriate.

35. CarePartners prepares all forms and returns required by law or regulation to be prepared and/or filed in connection with the operation of its communities.

36. These include filings with the Washington State Employment Security Department and the Washington State Department of Labor and Industries.

37. So even if a particular community is associated an individual LLC, the reality is that CarePartners controls the day-to-day personnel management duties at the communities.

38. For example, the Lynden community is associated with an LLC known as Lynden ALC, LLC.

39. But Lynden ALC, LLC delegated day-to-day personnel management duties to CarePartners.

40. Indeed, Lynden ALC, LLC delegated the day-to-day operations, management of the community, and care of the residents to CarePartners.

---

[3] *Id.*



BRUCKNER BURCH PLLC
5847 San Felipe Street, Suite 2400
Houston, Texas 77057
(713) 877-8788

41. CarePartners deposited all funds collected from the operation of the community associated with Lynden ALC, LLC into an "Operating Account" established by CarePartners.

42. CarePartners used the money in that account to pay the Hourly Workers at the community and did not need permission to do so.

43. The delegation to CarePartners is memorialized in a written contract that William R. Moore, III signed on behalf of Lynden ALC, LLC.

44. According to CarePartners's Corporate Disclosure Statement, William R. Moore, III is the sole member of Round Lake LLC. Doc. 11.

45. Round Lake LLC is the sole member of CarePartners. Doc. 11.

46. Moore is also the manager of Enatai Management Group LLC. Doc. 11.

47. Enatai Management Group LLC is the manager of CarePartners and Lynden ALC, LLC.

48. In other words, CarePartners not only has express, confirmed-in-writing control over the personnel at Lynden ALC, LLC, it is also under the same ownership and management control chain.[4]

49. The same is true with respect to CarePartners's relationship with each of the communities.

50. CarePartners exercises its control over the workers at the facilities.

51. For example, CarePartners both develops and supervises the implementation of personnel policies and procedures for complying with laws and regulations affecting the employment of the personnel employed at each community.

52. CarePartners provides the personnel at each community with its personnel policies.

53. These include policies governing time worked and the payment of wages.

54. CarePartners requires personnel to acknowledge that "not adhering to any policy outlined [by CarePartners] is considered possible grounds for discipline or immediate termination."

---

[4] CarePartners and Lynden ALC, LLC's principal offices are both located at 7900 SE 28th Street, Mercer Island, WA 90840-2970.



BRUCKNER BURCH PLLC
5847 San Felipe Street, Suite 2400
Houston, Texas 77057
(713) 877-8788

55. To operate its communities, CarePartners hires employees like Rathjen and the other Hourly Employees.

56. CarePartners required Rathjen to acknowledge her employment with CarePartners:

> I acknowledge that I have voluntarily entered into my employment relationship with CarePartners and that there is no guaranteed nor specified length of my term of employment with the community. Accordingly, either I or CarePartners can terminate this relationship "AT-WILL", at any time and for any reason.

57. CarePartners provided Rathjen with its personnel policies.

58. CarePartners's policies apply across its communities.

59. CarePartners required Rathjen to acknowledge that violating its policies "were grounds for discipline or immediate termination."

60. CarePartners also informed Rathjen that "[o]nly the Administration of CarePartners has the ability to adopt any revisions to the policies" it provided to Rathjen.

61. CarePartners classified Rathjen and the other Hourly Employees as non-exempt and paid them by the hour.

62. It continues to classify Hourly Employees as non-exempt and pays them by the hour.

63. While exact job titles and locations may differ, Rathjen and the other Hourly Employees are all subject to CarePartners's same or similar policies—including its auto-deduct policy and rest period policy—for similar work.

64. For example, CarePartners employed Rathjen as a medication technician from approximately October 2022 through March 2025.

65. Rathjen's job duties included organizing, distributing, and assisting patients take medication.

66. Throughout her employment, Rathjen regularly worked more than 40 hours a workweek.

67. Indeed, Rathjen typically worked approximately 12 hours a day for 4 days a week (48 hours) "on the clock."



BRUCKNER BURCH PLLC
5847 San Felipe Street, Suite 2400
Houston, Texas 77057
(713) 877-8788

68. CarePartners paid Rathjen approximately $24 an hour.

69. Rathjen reported her "on the clock" hours to CarePartners through its uniform timekeeping system.

70. CarePartners's records reflect the hours Rathjen worked each week "on the clock."

71. Likewise, the other Hourly Employees typically work approximately 48 hours a workweek "on the clock."

72. CarePartners subjects Rathjen and the other Hourly Employees to common policies based on common systems and methods it selects and controls.

73. CarePartners requires Rathjen and the other Hourly Employees to abide by common work, time, pay, meal period, rest period, and overtime policies and procedures.

74. But CarePartners does not pay Rathjen and the other Hourly Employees for all their hours worked, including overtime hours.

75. Specifically, CarePartners automatically deducts 30 minutes a workday from Rathjen's and the other Hourly Employees' recorded hours and wages for so called "meal periods."

76. CarePartners automatically deducts this time regardless of whether Rathjen and the other Hourly Employees actually receive full, uninterrupted, 30-minute meal periods.

77. CarePartners simply assumes Rathjen and the other Hourly Employees receive *bona fide* meal periods each shift they work.

78. But Rathjen and the other Hourly Employees do not actually receive *bona fide* meal periods, even when they work more than five hours in a day.

79. Likewise, these employees do not receive a second *bona fide* meal period when they work in excess of 11 hours in a workday.

80. Instead, CarePartners requires Rathjen and the other Hourly Employees to remain on duty and perform compensable work throughout their shifts for CarePartners's benefit, including during their "meal periods."

81. And CarePartners subjects Rathjen and the other Hourly Employees to work interruptions during their unpaid "meal periods."



BRUCKNER BURCH PLLC
5847 San Felipe Street, Suite 2400
Houston, Texas 77057
(713) 877-8788

82. Thus, Rathjen and the other Hourly Employees are not free to engage in personal activities during their unpaid "meal periods."

83. Rather, during their unpaid "meal periods," Rathjen and the other Hourly Employees are forced to substantially perform their regular patient care job duties and responsibilities.

84. Thus, Rathjen and the other Hourly Employees routinely spend their unpaid "meal periods" performing work for CarePartners's—not these employees'—benefit.

85. This unpaid time is compensable under Washington law because CarePartners knew, or should have known, that (1) Rathjen and the other Hourly Employees were performing unpaid work during "meal periods," (2) they were interrupted with work duties during attempted "meal periods," (3) they were not completely relieved of all duties during "meal periods," (4) they entirely skipped "meal periods" due to work demands, (5) "meal periods" were less than 30 consecutive minutes, (6) they were not free to engage in personal activities during "meal periods" because of work interruptions, (7) they remained on CarePartners's premises or under CarePartners's supervision, and/or (8) they spent unpaid "meal periods" substantially performing their regular patient care duties for CarePartners's benefit.

86. CarePartners fails to exercise its duty as Rathjen's and the other Hourly Employees' employer to ensure these employees are not performing work that CarePartners does not want performed during their unpaid "meal periods."

87. And CarePartners knows Rathjen and the other Hourly Employees routinely perform work "off the clock" during their unpaid "meal periods" because it expects and requires them to do so.

88. Rathjen and other Hourly Employees complained to CarePartners's management and supervisors about being forced to work during their unpaid "meal periods."

89. At each community, CarePartners's Hourly Employees (including Rathjen) were paid from a "Payroll Account" established by CarePartners.

90. CarePartners controls the Payroll Account used to pay employees.



BRUCKNER BURCH PLLC
5847 San Felipe Street, Suite 2400
Houston, Texas 77057
(713) 877-8788

91. But despite having the money and accepting the benefits of their labor, CarePartners does not pay Rathjen and the other Hourly Employees for the compensable work they perform during their automatically deducted "meal periods."

92. Thus, CarePartners required, requested, suffered, or permitted Rathjen and the other Hourly Employees to work during their unpaid "meal periods."

93. Despite accepting the benefit of this labor, CarePartners does not pay Rathjen and the other Hourly Employees for the compensable work they perform "off the clock."

94. Likewise, CarePartners fails to provide Rathjen and the other Hourly Employees with a *bona fide* 10-minute rest period for every four hours worked or major fraction thereof.

95. Rather, CarePartners requires Rathjen and the other Hourly Employees to work throughout their shifts, including during any so called "rest periods" and/or subjects them to work interruptions during any attempted rest periods.

96. CarePartners's failure to provide Rathjen and the other Hourly Employees with *bona fide*, duty-free meal and rest periods violates the WIWA and related DOLI regulations, in addition to violating the WMWA and WWRA.

## Class Action Allegations

97. Like Rathjen, the other Hourly Employees are victimized by CarePartners's auto-deduct policy and/or rest period policy.

98. Other Hourly Employees worked with Rathjen and indicated they were paid in the same manner, performed similar work, and were subject to CarePartners's auto-deduct policy and/or rest period policy.

99. Based on her experience, Rathjen is aware CarePartners's auto-deduct policy and/or rest period policy were imposed on other Hourly Employees.

100. The putative class of Hourly Employees includes more than 40 members.

101. Thus, the putative class of Hourly Employees is so numerous that joinder of all class members in one lawsuit is not practicable.

102. The Hourly Employees are similarly situated in the most relevant respects.



BRUCKNER BURCH PLLC
5847 San Felipe Street, Suite 2400
Houston, Texas 77057
(713) 877-8788

103. Even if their precise job duties and locations might vary, these differences do not matter for the purpose of determining their entitlement to earned wages, overtime wages, and compliant meal and rest periods.

104. The only relevant inquiry is whether the Hourly Employees were subject to CarePartners's auto-deduct policy and/or rest period policy.

105. Therefore, the specific job titles or locations of the various Hourly Employees do not prevent class treatment.

106. Rather, CarePartners's auto-deduct policy and rest period policy render Rathjen and the other Hourly Employees similarly situated for the purpose of determining their right to earned wages, overtime wages, and *bona fide* meal and rest periods.

107. CarePartners's records reflect the number of hours the Hourly Employees worked each week "on the clock."

108. CarePartners's records also reflect it automatically deducted 30 minutes a workday from the Hourly Employees for so called "meal periods."

109. The wages owed to Rathjen and the other Hourly Employees can therefore be calculated using the same formula applied to the same records.

110. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to CarePartners's records, and there is no detraction from the common nucleus of liability facts.

111. Therefore, the issue of damages does not preclude class treatment.

112. Rathjen's experiences are typical of the experiences of the other Hourly Employees.

113. Rathjen has no interest contrary to, or in conflict with, the other Hourly Employees that would prevent class treatment.

114. Like each Hourly Employee, Rathjen has an interest in obtaining the unpaid wages owed under Washington law.

115. Rathjen and her counsel will fairly and adequately protect the interests of the other Hourly Employees.



BRUCKNER BURCH PLLC
5847 San Felipe Street, Suite 2400
Houston, Texas 77057
(713) 877-8788

116. Rathjen retained counsel with significant experience in litigating complex class actions.

117. A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.

118. Absent this class action, many Hourly Employees will not obtain redress for their injuries, and CarePartners will reap the unjust benefits of violating Washington law.

119. Further, even if some of the Hourly Employees could afford individual litigation, it would be unduly burdensome to the judicial system.

120. Indeed, the multiplicity of actions would create hardship for the Hourly Employees, the Court, and CarePartners.

121. Conversely, concentrating the litigation in one forum will promote judicial economy and consistency as well as parity among the Hourly Employees' claims.

122. The questions of law and fact that are common to each Hourly Employee predominate over any questions affecting solely the individual members.

123. Among the common questions of law and fact are:

(a) Whether CarePartners engaged in a policy and practice of automatically deducting 30 minutes a workday from the Hourly Employees for so called "meal periods";

(b) Whether CarePartners engaged in a policy and practice of requiring its Hourly Employees to perform their typical job duties during so called "meal periods" or "rest periods";

(c) Whether CarePartners failed to provide its Hourly Employees with *bona fide* meal and/or rest periods in violation of the WIWA and related Washington DOLI regulations;

(d) Whether CarePartners failed to pay its Hourly Employees overtime wages of at least 1.5 times their regular rates of pay for all hours worked after 40 in a week in violation of the WMWA;

(e) Whether CarePartners willfully withheld earned wages from its Hourly Employees in violation of the WWRA;



BRUCKNER BURCH PLLC
5847 San Felipe Street, Suite 2400
Houston, Texas 77057
(713) 877-8788

(f) Whether CarePartners's decision not to pay its Hourly Employees overtime wages at the required rate for all overtime hours worked was made in good faith;

(g) Whether CarePartners's decision to withhold earned wages from its Hourly Employees was made in good faith; and

(h) Whether CarePartners's violations were willful.

124. CarePartners's auto-deduct policy and rest period policy deprived Rathjen and the other Hourly Employees of earned wages and overtime wages at the required premium rates for all hours worked after 40 in a workweek, which they are owed under Washington law.

125. The similarly situated Hourly Employees are known to CarePartners, are readily identifiable, and can be located through CarePartners's business and personnel records.

**CAREPARTNERS'S VIOLATIONS WERE WILLFUL**

126. CarePartners knew it was subject to the WMWA's overtime provisions.

127. CarePartners knew the WMWA required it to pay non-exempt employees, including the Hourly Employees, overtime at rates not less than 1.5 times their regular rates of pay—based on all remuneration—for all hours worked after 40 in a workweek.

128. CarePartners knew it was subject to the WWRA.

129. CarePartners knew the WWRA prohibited it from willfully withholding earned wages from employees, including the Hourly Employees.

130. CarePartners knew each Hourly Employee worked more than 40 hours in at least one workweek during relevant period(s).

131. CarePartners knew its Hourly Employees were non-exempt employees entitled to overtime.

132. CarePartners knew it paid its Hourly Employees by the hour.

133. CarePartners knew it was subject to the WIWA and the Washington DOLI regulations.

134. CarePartners knew the WIWA and the Washington DOLI regulations required it to provide employees, including the Hourly Employees, a *bona fide*, duty-free 10-minute rest period for every 4 hours worked.



BRUCKNER BURCH PLLC
5847 San Felipe Street, Suite 2400
Houston, Texas 77057
(713) 877-8788

135. CarePartners knew the WIWA and the Washington DOLI regulations required it to provide employees, including the Hourly Employees, a *bona fide*, duty-free, and uninterrupted 30-minute meal period for every 5 hours worked.

136. CarePartners knew its Hourly Employees did not waive their meal periods.

137. Nonetheless, CarePartners automatically deducted 30 minutes a workday for so called "meal periods."

138. CarePartners knew it failed to provide its Hourly Employees with *bona fide*, duty-free meal and rest periods.

139. CarePartners knew its Hourly Employees did not actually receive *bona fide* meal periods.

140. CarePartners knew its Hourly Employees regularly spent their "meal periods" and "rest periods" performing their regular job duties.

141. CarePartners knew, should have known, or recklessly disregarded whether its conduct described in this Complaint violated Washington law.

142. Indeed, Rathjen and the Hourly Employees complained about being forced to work during missed meal and rest periods to CarePartners supervisors, management and/or HR.

143. CarePartners knowingly, willfully, and/or in reckless disregard of applicable Washington law carried out employment policies that systematically deprived its Hourly Employees of *bona fide* meal and rest periods, earned wages, and premium overtime wages at the required rates.

## COUNT I

## Failure to Pay Overtime Under the WMWA

## (Washington Class)

144. Rathjen brings her WMWA claim as a class action on behalf of herself and the other Hourly Employees pursuant to Rule 23.

145. CarePartners's conduct violates the WMWA. RCW 49.46, *et seq*.

146. At all relevant times, CarePartners was subject to the WMWA because CarePartners was (and is) an "employer" within the meaning of the WMWA. *See* RCW 49.46.010(4); *see also* RCW 49.48.082(6).



BRUCKNER BURCH PLLC
5847 San Felipe Street, Suite 2400
Houston, Texas 77057
(713) 877-8788

147. At all relevant times, CarePartners employed Rathjen and the other Hourly Employees as its covered "employees" within the meaning of the WMWA. *See* RCW 49.46.010(3); *see also* RCW 49.48.082(5)(a).

148. The WMWA requires employers, like CarePartners, to pay non-exempt employees, including Rathjen and the other Hourly Employees, overtime wages at rates not less than 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 in a workweek. RCW 49.46.130 *and* RCW 49.46.090.

149. Rathjen and the other Hourly Employees are entitled to overtime pay under the WMWA.

150. CarePartners violated, and is violating, the WMWA by failing to pay non-exempt employees (Rathjen and the other Hourly Employees) overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked after 40 in a workweek, including hours worked off the clock during so called "meal periods." *See* RCW 49.46.130; *see also* RCW 49.46.090.

151. CarePartners's unlawful conduct harmed Rathjen and the other Hourly Employees by depriving them of the overtime wages they are owed under Washington law.

152. Accordingly, CarePartners owes Rathjen and the other Hourly Employees the difference between the wages paid and the overtime wages earned (RCW 49.46.090) plus pre-judgment interest at a rate of 12% per annum (RCW 19.52.020).

153. Finally, Rathjen and the other Hourly Employees are also entitled to recover their reasonable attorney's fees and costs incurred in this action. *See* RCW 49.46.30.

## COUNT II

## Willfully Withholding Earned Wages Under the WWRA

## (Washington Class)

154. Rathjen brings her WWRA claim as a class action on behalf of herself and the other Hourly Employees pursuant to Rule 23.

155. CarePartners's conduct violates the WWRA. RCW 49.52, *et seq.*



BRUCKNER BURCH PLLC
5847 San Felipe Street, Suite 2400
Houston, Texas 77057
(713) 877-8788

156. At all relevant times, CarePartners was subject to the WWRA because CarePartners was (and is) an "employer" within the meaning of the WWRA. *See* RCW 49.46.010(4); *see also* RCW 49.48.082(6).

157. At all relevant times, CarePartners employed Rathjen and the other Hourly Employees as covered "employees" within the meaning of the WWRA. *See* RCW 49.12.005(4); *see also* RCW 49.48.082(5)(b).

158. The WWRA prohibits employers, like CarePartners, from depriving employees, including Rathjen and the other Hourly Employees, of "any part of his or her wages" and from "pay[ing] any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance or contract." RCW 49.52.050.

159. CarePartners violated, and is violating, the WWRA by willfully withholding earned wages from Rathjen and the other Hourly Employees for the hours they worked during their on-duty "meal periods" and "rest periods," which CarePartners was obligated to pay under Washington law. *See* RCW 49.52.050.

160. CarePartners also violated, and is violating, the WWRA by willfully withholding earned overtime wages from Rathjen and the other Hourly Employees, which Washington law obligated CarePartners to pay at rates not less than 1.5 times their regular rates of pay. *See* RCW 49.52.050.

161. CarePartners's unlawful conduct harmed Rathjen and the other Hourly Employees by willfully withholding earned wages (including earned overtime wages at the required premium rate) from these employees, which they are owed under Washington law.

162. Accordingly, CarePartners owes Rathjen and the other Hourly Employees their willfully withheld earned wages plus exemplary damages in an amount equal to 2 times their willfully withheld wages (RCW 49.52.070).

163. Finally, Rathjen and the other Hourly Employees are also entitled to recover their reasonable attorney's fees and costs incurred in this action. *See* RCW 49.52.070.



BRUCKNER BURCH PLLC
5847 San Felipe Street, Suite 2400
Houston, Texas 77057
(713) 877-8788

## COUNT III

**Failure to Provide *Bona Fide* Meal and Rest Periods Under the WIWA**

**(Washington Class)**

164. Rathjen brings her meal and rest period claims under the WIWA and related DOLI regulations as a class action on behalf of herself and the other Hourly Employees pursuant to Rule 23.

165. CarePartners's conduct violates the WIWA's (and the related DOLI regulations') meal and rest period requirements. RCW 49.12, *et seq.*; WAC 296-126-092.

166. At all relevant times, CarePartners was subject to the WIWA and related DOLI regulations because CarePartners was (and is) an "employer" within the meaning of the WIWA and the DOLI regulations. *See* RCW 49.12.005(3); WAC 296-126-002(1).

167. At all relevant times, CarePartners employed Rathjen and the other Hourly Employees as covered "employees" within the meaning of the WIWA and the Washington DOLI regulations. *See* RCW 49.12.005(4); WAC 296-126-002(2).

168. The WIWA prohibits employers, like CarePartners, from employing employees, including Rathjen and the other Hourly Employees, under conditions of labor detrimental to their health. RCW 49.12.020.

169. The DOLI regulations require employers, like CarePartners, to provide employees, including Rathjen and the other Hourly Employees, meal periods of at least 30 minutes which commence no less than 2 hours nor more than 5 hours from the beginning of the employees' shift. WAC 296-126-092(1).

170. The DOLI regulations further mandate that meal periods shall be paid when the employee is required by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer. WAC 296-126-092(1).

171. The DOLI regulations also require employers, like CarePartners, to provide employees, including Rathjen and the other Hourly Employees, rest periods of at least 10 minutes for every 4 hours of working time. WAC 296-126-092(4).



BRUCKNER BURCH PLLC
5847 San Felipe Street, Suite 2400
Houston, Texas 77057
(713) 877-8788

172. The DOLI regulations further prohibit employers, like CarePartners, from requiring employees, including Rathjen and the other Hourly Employees, to work more than 3 hours without a rest period. WAC 296-126-092(4).

173. Washington law also requires employers, like CarePartners, to compensate employees, including Rathjen and the other Hourly Employees, for denied, missed, or interrupted meal and rest periods. *See*, *e.g.*, *Chavez v. Our Lady of Lourdes Hosp. at Pasco*, 190 Wn.2d 507, 517-19, 415 P.3d 224 (2018); *Pellino v. Brinks Inc.*, 164 Wn. App. 668, 690-93, 267 P.3d 383 (2011).

174. Throughout the relevant period, CarePartners expected and required Rathjen and the other Hourly Employees to remain on duty and perform compensable work throughout their shifts, including during their "meal and rest periods."

175. Rathjen and the other Hourly Employees were not relieved of all duties during their attempted meal and rest periods but instead were subject to work interruptions.

176. Thus, CarePartners violated, and is violating, the WIWA, WMWA, and related DOLI regulations by failing to provide Rathjen and the other Hourly Employees *bona fide* meal and rest periods. *See* RCW 49.12.020; WAC 296-126-092.

177. CarePartners's unlawful conduct harmed Rathjen and the other Hourly Employees by depriving them of the *bona fide* meal and rest periods they are owed under Washington law.

178. Accordingly, Rathjen and the Hourly Employees are entitled to recover their unpaid wages for their missed meal and rest periods, penalties in an amount not less than $25 nor more than $1,000 per violation (WAC 296-126-226; RCW 49.12.170), and pre-judgment interest at a rate of 12% per annum. RCW 19.52.020.

179. Finally, Rathjen and the other Hourly Employees are also entitled to recover their reasonable attorney's fees and costs incurred in this action. RCW 49.12.150.

## RELIEF SOUGHT

WHEREFORE, Rathjen, individually and on behalf of the other Hourly Employees, seeks the following relief:

(a) An order certifying this lawsuit as a class action under Fed. R. Civ. P. 23.



BRUCKNER BURCH PLLC
5847 San Felipe Street, Suite 2400
Houston, Texas 77057
(713) 877-8788

(b) An order appointing Rathjen and her counsel to represent the interests of the Hourly Employees;

(c) A judgment against CarePartners awarding Rathjen and the other Hourly Employees all their willfully withheld wages, unpaid overtime, exemplary damages, and attorney's fees, costs, expenses;

(d) An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

(e) All such other and further relief as may be necessary and appropriate.

Dated: September 14, 2026

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: */s/ Richard J. Burch*
Richard J. (Rex) Burch*
David I. Moulton*
5847 San Felipe Street, Ste. 2400
Houston, Texas 77057
Tel: 713.877.8788
rburch@brucknerburch.com
dmoulton@brucknerburch.com

Michael A. Josephson*
Andrew W. Dunlap*
**JOSEPHSON DUNLAP, LLP**
5847 San Felipe Street, Ste. 2400
Houston, Texas 77057
Tel: (713) 352-1100
mjosephson@mybackwages.com
adunlap@mybackwages.com
**Admitted pro hac vice*

*/s/ Michael C. Subit*
Michael C. Subit, WSBA #29189
**FRANK FREED SUBIT & THOMAS, LLP**
705 Second Ave., Suite 1200
Seattle, Washington 98104
Telephone: 206.682.6711
msubit@frankfreed.com
(Local Counsel)
**ATTORNEYS FOR RATHJEN & THE HOURLY EMPLOYEES**